Slip Op. No. 21-28

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD,<br><br>    Defendant-Intervenor. | Consol. Court No. 20-03914 |

**OPINION AND ORDER**

[Denying plaintiffs' motions for reassignment of their respective actions, now consolidated, to a three-judge panel]

Dated: March 5, 2021

  *Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, D.C., for plaintiffs American Pacific Plywood, Inc., U.S. Global Forest, Inc., Interglobal Forest, LLC, and plaintiff-intervenors LB Wood Cambodia Co., Ltd. and Cambodian Happy Home Wood Products Co., Ltd.  With him on the brief were *Alexandra H. Salzman* and *James K. Horgan*.

  *Timothy C. Brightbill*, Wiley Rein, LLP, of Washington, D.C., for defendant-intervenor.  With him on the brief were *Elizabeth S. Lee*, *John Allen Riggins*, *Stephanie M. Bell*, *Tessa V. Capeloto*, and *Maureen E. Thorson*.

  *Brian M. Boynton*, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, Commercial Litigation Branch, New York, New York, for defendant.  With him on the brief were *Jeanne E. Davidson*, Director, *Justin R. Miller*,

Attorney-in-Charge, *Claudia Burke*, Assistant Director, and *Hardeep K. Josan*, Trial Attorney.

Stanceu, Chief Judge: Three plaintiffs in this consolidated action—American Pacific Plywood, Inc., U.S. Global Forest, Inc., and Interglobal Forest, LLC—have filed motions under 28 U.S.C. §§ 253(c) and 255(a) that seek reassignment of each of their respective actions to a three-judge panel. Pl.'s Mot. for a Three-Judge Panel (Ct. No. 20-03914) (Feb. 3, 2021), ECF No. 21 ("Pl.'s Mot."); Pl.'s Mot. for a Three-Judge Panel (Ct. No. 20-03915) (Feb. 3, 2021), ECF No. 22; Pl.'s Mot. for a Three-Judge Panel (Ct. No. 20-03916) (Feb. 3, 2021), ECF No. 21.[1] For the reasons discussed below, the court denies plaintiffs' motions.

## I. BACKGROUND

These actions arose following investigations U.S. Customs and Border Protection ("Customs" or "CBP") conducted under the Enforce and Protect Act, 19 U.S.C. § 1517 ("EAPA"), into claims that certain imports of hardwood plywood occurred due to evasion of antidumping and countervailing duty orders on hardwood plywood from the People's Republic of China. Pl.'s Mot. 2; *see Certain Hardwood Plywood Products from*

---

[1] Citations herein are to the amended complaint, motion for reassignment, and defendant's response in *American Pacific Plywood, Inc. v. United States*, as the filings do not vary materially across the three cases with respect to the issues raised by the motions for reassignment. Prior to consolidation, the three individual actions were assigned to Judge M. Miller Baker. Now consolidated under Consolidated Court No. 20-03914 are *American Pacific Plywood, Inc. v. United States*, Court No. 20-03914, *U.S. Global Forest v. United States*, Court No. 20-03915, and *InterGlobal Forest LLC v. United States*, Court No. 20-03916. Order (Feb. 25, 2021), ECF No. 29.

*the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) ("AD order"), *Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018) ("CVD order"). Plaintiffs challenge CBP's initiation of the EAPA investigations, its institution of "interim measures" during the investigations, the final determinations by Customs that evasion of the AD and CVD orders occurred, and the affirming of those determinations by Customs upon administrative appeal. Am. Compl. ¶ 9 (Jan. 7, 2021), ECF No. 7.

Defendant takes no position on plaintiffs' motions for reassignment to a three-judge panel. Def.'s Resp. to Pl.'s Mot. for a Three-Judge Panel 3 (Feb. 24, 2021), ECF No. 27.

## II. DISCUSSION

Plaintiffs seek reassignment to a three-judge panel on two independent grounds. First, they argue that each of the consolidated actions "raises an issue of the constitutionality of an act of Congress," Pl.'s Mot. 1 (quoting 28 U.S.C. § 255(a)(1)). Second, plaintiffs argue that each "has broad or significant implications in the administration or interpretation of the customs laws." *Id.* (quoting 28 U.S.C. § 255(a)(2)). Rejecting plaintiffs' arguments on both grounds, the court declines to

reassign this action from a single judge to a three-judge panel. In so doing, the court expresses no view on the merits of the claims in this litigation.

Plaintiffs' amended complaints contain eleven to twelve counts, only one of which, designated as Count IX in each complaint, contains a reference to a constitutional challenge to an act of Congress. The claim in Count IX is stated as follows: "Insofar as the EAPA statute, and in particular 19 U.S.C. § 1517(e) (Interim measures) cannot be properly interpreted to afford importers due process under the Fifth Amendment of the U.S. Constitution and CBP is permitted to impose punitive interim measures on Plaintiff without giving Plaintiff the opportunity to defend and rebut the factual and legal basis for such measures, the EAPA statute is incompatible with the Fifth Amendment of the U.S. Constitution." Am. Compl. ¶ 95. The broad reference in this claim to "the EAPA statute" is too vague to support a convincing motion for assignment to a three-judge panel on the ground of a constitutional due process challenge to the entire EAPA statute. The scope of the only EAPA provision the complaint specifically addresses, the "interim measures" provision of 19 U.S.C. § 1517(e), is confined to the temporary suspension or extension of liquidation and the ordering of additional security for the payment of duties, in the form of increased bonding or the posting of cash deposits, that may be found to be owed, as measures to

protect the federal revenue.² But even as to that provision, the claim in Count IX is stated only conditionally: the qualifying introduction, "Insofar as . . . ," reveals the conditional nature of this claim. The vague and conditional nature of the constitutional claim is sufficient reason for the court to decline to order reassignment to a three-judge panel under 28 U.S.C. § 255(a)(1).

Plaintiffs argue that "this Court cannot avoid a decision on the constitutionality of the EAPA law and regulations," Pl.'s Mot. 4, citing the decision of this Court in *Royal Brush Mfg. v. United States*, Slip Op. 20-171, 2020 Ct. Intl. Trade LEXIS 179 (Dec. 1, 2020).

---

² The "interim measures" provision reads as follows:

> Not later than 90 calendar days after initiating an investigation under subsection (b) with respect to covered merchandise, the Commissioner [of Customs] shall decide based on the investigation if there is a reasonable suspicion that such covered merchandise was entered into the customs territory of the United States through evasion and, if the Commissioner decides there is such a reasonable suspicion, the Commissioner shall—
> (1) suspend the liquidation of each unliquidated entry of such covered merchandise that entered on or after the date of the initiation of the investigation; (2) pursuant to the Commissioner's authority under section 1504(b) of this title, extend the period for liquidating each unliquidated entry of such covered merchandise that entered before the date of the initiation of the investigation; and (3) pursuant to the Commissioner's authority under section 1623 of this title, take such additional measures as the Commissioner determines necessary to protect the revenue of the United States, including requiring a single transaction bond or additional security or the posting of a cash deposit with respect to such covered merchandise.

19 U.S.C. § 1517(e).

Plaintiffs' reliance on *Royal Brush* to support their reassignment motion on the ground stated in 28 U.S.C. § 255(a)(1) is misplaced. Because the holding in that case arose from due process issues arising out of administrative actions by Customs, *see Royal Brush*, 2020 Ct. Intl. Trade LEXIS 179 at *13–15, not a constitutional challenge to the EAPA, the court disagrees with the conclusion that plaintiffs draw from it.

Plaintiffs' argument under 28 U.S.C. § 255(a)(2) ("broad or significant implications in the administration or interpretation of the customs laws") is also unconvincing. It essentially parrots their argument under § 255(a)(1), with the addition of arguments grounded in international trade agreements and CPB's implementing regulations.

According to plaintiffs, "in an EAPA investigation, an investigation of unfair trade can proceed without the due process protections to the foreign exporter and U.S. importer provided in the AD & CVD law" and "includes elements of punitive proceedings and allows CBP to conduct its investigations in secret for 90 days, with no notice to the targeted parties." Pl.'s Mot. 6 (citing 19 U.S.C. § 1517(e)). They add that "[a]t the 90-day juncture, without any opportunity for the targeted parties to participate in the investigation, CBP is authorized to impose punitive interim measures against the imports of the targeted parties and to maintain these interim measures for an indefinite amount of time." *Id*. They argue, further that "the EAPA law is a punitive law" and that "[t]he unfair trade laws, in contrast, are not punitive, but are remedial in nature."

*Id.* at 7.  They assert that the EAPA's provisional measures authority violates international obligations of the United States that arise under the World Trade Organization Uruguay Round Agreement and the Agreement on Implementation of Article VI of the General Agreement on Tariffs and Trade 1994.  *Id.* at 7–9.  According to plaintiffs, "[t]hus, an important question for the court to consider in this instant case is the EAPA law's integration into the overall construct of the AD & CVD law and the extent to which due process protections under the AD & CVD law are circumvented by CBP's EAPA investigations." *Id*. at 9.  Plaintiffs add that "the cases brought before the CIT challenging CBP's decisions in EAPA investigations are also beginning to multiply." *Id.* (citations omitted).  Plaintiffs maintain that each of the EAPA investigations at issue in those cases "was conducted under the same EAPA statute and regulations that curtail the due process rights of the participants." *Id.* at 10.  They identify, specifically, "the right to notice and the right to defend before CBP imposes punitive interim measures; the inability of participants to adequately defend against allegations, evidence, and conclusions that are based on confidential information to which the targeted parties or their legal counsel have no access; and the preclusion of targeted foreign producers and exporters from meaningful participation in their own defense." *Id*.  They offer the view that "[t]he CIT's appointment of a three-judge panel will further a uniform resolution to all of the issues arising from CBP's administration and interpretation of the [ ] EAPA statute, including a finding by the Court that certain

provisions of the EAPA statute and regulations cannot be reconciled with the U.S. Constitution." *Id.* at 11 (citing *Fundicao Tupy, S.A. v. United States*, 11 CIT 23, 652 F. Supp. 1538 (1987) (appointing a three-judge panel to hear challenge to an affirmative final determination of injury by the U.S. International Trade Commission and noting an issue of first impression concerning the interpretation of the "cumulation" provisions of the antidumping duty laws).

As discussed above, plaintiffs' claim that the EAPA violates plaintiff's constitutional due process rights is stated only vaguely and conditionally. (In Count X of their complaints, plaintiffs assert a similar due process claim against CBP's implementing regulations. *See* Am. Compl. ¶¶ 97–98). Their showing under 28 U.S.C. § 255(a)(2) rests in part on some of the same arguments they advanced under § 255(a)(1). Plaintiffs' allegation that the EAPA statute violates U.S. obligations under international agreements is not itself sufficient to justify reassignment to a three-judge panel. The fact that a number of EAPA cases have been filed is also insufficient, by itself, to justify a three-judge panel according to 28 U.S.C. § 255(a)(2), as it is not uncommon for the same or similar issues to arise in multiple cases in this Court. Nor is the court persuaded by plaintiffs' arguments pertaining to CBP's regulations implementing the EAPA. Plaintiffs fail to show that adjudication of this action by a single judge will be inadequate or inappropriate with respect to any of the claims in plaintiffs' complaints.

Finally, plaintiffs argue that "[t]he benefits and advantages of a decision by a three-judge panel in this dispute would far outweigh any benefits derived from a single judge presiding over the action." Pl.'s Mot. 12. The court disagrees. Having pled a constitutional challenge to the EAPA only vaguely and conditionally, and having invoked the criterion of 28 U.S.C. § 255(a)(2) based on issues that are not inappropriate for adjudication by a single judge, plaintiffs have not presented a compelling reason why the court, in its discretion, should take the unusual step of reassignment from a single judge to a three-judge panel, which would entail the commitment of significant additional judicial resources.

### III. CONCLUSION AND ORDER

For the reasons stated above, the court, in its discretion, declines to reassign this consolidated action to a three-judge panel. Therefore, upon consideration of the motions of plaintiffs American Pacific Plywood, Inc., U.S. Global Forest, Inc., and Interglobal Forest, LLC for reassignment of this action to a three-judge panel, all papers filed herein, and upon due deliberation, it is hereby

**ORDERED** that the motions for reassignment to a three-judge panel be, and hereby are, denied.

    /s/ Timothy C. Stanceu
Timothy C. Stanceu, Chief Judge

Dated:    March 5, 2021
             New York, New York